# EXHIBIT "A"

FILED: 4/28/2025 3:03 PM
Vermont Superior Court
Orleans Unit
25-CV-01811

# STATE OF VERMONT

**SUPERIOR COURT**                    **CIVIL DIVISION**
**ORLEANS UNIT**                      Docket No. _____

| | |
|---|---|
| JESSIE L. WRIGHT, as PARENT and EXECUTOR OF THE ESTATE OF MILLEY WRIGHT<br>*Plaintiff,*<br>v.<br><br>POLARIS INDUSTRIES, INC., and POLARIS INC.<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES plaintiff Jessie L. Wright as Parent and Executor of the Estate of Milley Wright, by and through her attorneys, Kaveh S. Shahi of Cleary Shahi & Aicher, P.C., and alleges as follows.

1.       Plaintiff Jessie L. Wright is a resident of Barton, Vermont, and on July 8, 2023, was appointed by the Orleans Unit Probate Court as the executor for the estate of Milley Wright. Plaintiff is the mother of Milley (Miley) Wright who passed away on May 13, 2023.

2.       Defendant Polaris Industries, Inc., is a Delaware corporation with its principal place of business in Minnesota. On or about July 29, 2019, Polaris Industries, Inc., changed its name to Polaris Inc., a Delaware corporation (collectively "Polaris"). Polaris designs, manufactures, and produces on-road and off-road vehicles which are promoted, distributed, and sold across the Country including Vermont. One such vehicle was a 2019 Ranger XP 1000 serial number 4XARSE993K8900905 (the "Ranger"). The

Ranger was equipped with a 3-point seatbelt system for the operator that consisted of a lap and shoulder belt buckled by the operator's right hip. The Ranger cab did not have solid doors, and provided side nets.

3.     The Ranger and other similar all terrain utility vehicles (UTVs) are made and promoted for use on farms and off-road conditions. The Ranger was designed to be a versatile and powerful UTV, which was not only a working vehicle but also driven for fun and recreation.

4.     The Ranger was purchased by a Ray Stone of Barton, Vermont, and was issued Vermont registration number 909AWM. The Stone and Wright families live in the same town and are friendly. Miley had in the past ridden in the Ranger while visiting the Stone family.

5.     On May 13, 2023, Miley operated the Ranger, with permission, near the Stone's property on a gravel road at 497 Ingersoll Lane in Barton. At the time, Miley was 14-years old and accompanied by two friends, one of whom was Ray Stone's daughter. The operator's 3-point seatbelt had been closed behind the driver earlier. While Miley was operating the Ranger on May 13, 2023, the vehicle tipped to the operator's side and Miley was crushed by the cab frame. Miley did not survive.

### COUNT I (Negligence)

6.     The preceding paragraphs 1-5 are incorporated and restated.

7.     Polaris had a duty of care to design and manufacture the Ranger to be safe for the reasonably foreseeable uses of the vehicle. With the purpose and function of the Ranger, it was reasonably foreseeable that the 3-point seatbelt system would be fastened

Cleary Shahi & Aicher
110 Merchants Row, Suite 3
Rutland, VT 05701

(802) 775-8800

2

behind the operator for convenience and ease of use. UTVs such as the Ranger are used in a manner that has the operator frequently get in and out of the cab. The side netting provided a sense of safety and containment. With the risk of the Ranger tipping to its side and crushing an unrestrained operator, the Ranger should have been designed in a safer manner to prevent serious injury or death. Moreover, the operator should have been properly warned of the risk of serious injury or death to an unrestrained operator in the event of the Ranger tipping to its side.

8.     Polaris breached the duty of care by failing to utilize a design and seatbelt system for the Ranger that would have deterred the operator from closing it behind her/him, kept the operator contained in the cab and prevented the type of incident that took Miley's life. A safer alternative design was available and feasible. Polaris also breached the duty of care by failing to properly warn the operator of the risk of death or serious injury in the manner the Ranger was used at the time of the incident.

9.     Polaris' breach was the proximate cause of Miley's fatal incident. Had the Ranger been designed and manufactured with a safer design and/or properly warned, Miley would have survived.

10.    As a direct and proximate result of Polaris' negligence, Miley suffered personal injury, fear and anticipation of serious injury or death, and substantial pain and suffering. Miley's personal injury claim survives under Vermont law. 14 V.S.A. §1451 et. seq.

WHEREFORE, plaintiff seeks recovery of compensatory damages, costs, interest and such other relief as may be granted by the Court.

Cleary Shahi & Aicher
110 Merchants Row, Suite 3
Rutland, VT 05701

(802) 775-8800

3

## COUNT II (Strict Liability)

11.    The preceding paragraphs 1-10 are incorporated and restated.

12.    "Strict products liability removed the difficulties plaintiffs faced in proving warranty or negligence claims against mass producers and distributors by imposing liability upon them without regard to fault or privity of contract. *See W. Keeton, et al.*, Prosser and Keeton on the Law of Torts § 98, at 692 (5th ed.1984). The purpose of this judicially created doctrine is to lessen the burden of proof for plaintiffs injured by defective products. (citations)." *Webb v. Navistar Int'l Transp. Corp.*, 166 Vt. 119, 126, 692 A.2d 343, 346 (1996). "Under that doctrine, a manufacturer is strictly liable for physical harm or property damages resulting from a defective product that reaches a user without undergoing substantial change. *Kinney v. Goodyear Tire & Rubber Co.*, 134 Vt. 571, 574, 367 A.2d 677, 679 (1976). A defective product 'must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'" *Id.* 126–127.

13.    "A manufacturer also has a duty to warn users and consumers when it knows or has reason to know of dangers inherent in the product at the time the product is sold, Restatement (Second) of Torts § 402A cmt. k, or when the product is dangerous to an extent beyond that which would be contemplated by an ordinary consumer. (Citation)." *Id.* 127.

14.    At the time of its sale to the general public, the Ranger was unsafe and defective because the 3-point seatbelt system could be, and was, readily closed behind the operator to facilitate the frequent entering and exiting of the cab consistent with its utility

Cleary Shahi & Aicher
110 Merchants Row, Suite 3
Rutland, VT 05701

(802) 775-8800

4

use while the unrestrained operator had a sense of safety and containment with the cab side netting. The Ranger was unreasonably dangerous beyond that which would be contemplated by the ordinary consumer as tipping to its side caused serious injury or death to an unrestrained operator by coming into contact with the cab frame. The Ranger had not undergone any substantial change in condition by the time of Miley's fatal incident.

15.     Further, Polaris knew or should have known of the danger inherent in the Ranger at the time of its sale. The Ranger could be operated with the 3-point seatbelt system closed behind the operator and in the event of tipping to its side the cab frame would cause serious injury or death to the unrestrained driver. Polaris knew or should have known that the Ranger was unreasonably dangerous beyond that which would be contemplated by an ordinary consumer. Polaris breached the duty to provide adequate warning which was the proximate cause of Miley's injuries and death.

16.     As result of its defective design, manufacture, and/or failure to warn, the Ranger caused Miley's injuries and death. The plaintiff is entitled to full recovery for wrongful death under Vermont law. 14 V.S.A. §1492. *Clymer v. Webster*, 156 Vt. 614, 629, 596 A.2d 905, 914 (1991).

WHEREFORE, plaintiff seeks recovery of compensatory damages, costs, interest and such other relief as may be granted by the Court.

Cleary Shahi & Aicher
110 Merchants Row, Suite 3
Rutland, VT 05701

(802) 775-8800

5

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

Dated this 28th day of April, 2025.

Respectfully Submitted,

CLEARY SHAHI & AICHER, PC

By:_____

Kaveh S. Shahi, Esq.
110 Merchants Row, Ste. 3
Rutland, VT 05701
(802) 775-8800
kss@clearyshahi.com
*Attorneys for Plaintiff*